UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANE BROWN,

               Plaintiff,

     v.

INTERBOROUGH DEVELOPMENTAL &
CONSULTATION CENTER; DEREK
UPRIGHT, Peer Specialist; HANN LIM,
Social Worker; JAVONNIE MILLER,
Supervisor at IDCC, LMFT,

               Defendants.

**MEMORANDUM & ORDER**
26-CV-0527 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On December 1, 2025, Plaintiff Dane Brown filed this action *pro se* against Defendants

Interborough Developmental & Consultation Center ("IDCC"); Derek Upright, a peer specialist

at IDCC; Hann Lim, a social worker at IDCC; and Javonnie Miller, a therapist at IDCC, in the

Southern District of New York, alleging violations of his rights under the Americans with

Disabilities Act ("ADA"), the Health Insurance Portability and Accountability Act ("HIPAA"),

and the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *See* ECF No. 1[1]

(Complaint).  The action was transferred to this Court on January 30, 2026, because the events

giving rise to Plaintiff's claims occurred in Brooklyn, within this judicial district.  *See*

January 30, 2026, Text Order.

For the reasons set forth below, the Court GRANTS Plaintiff's request to proceed *in*

*forma pauperis* and DISMISSES the Complaint.

---

[1]    Unless otherwise indicated, when quoting cases and the Complaint, the Court omits all
internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers
to the pages assigned by the Electronic Case Files system ("ECF").

<u>**BACKGROUND**</u>[2]

Plaintiff is a former client of IDCC,[3] a health care facility located in Brooklyn, where he received mental health services. *See* ECF No. 1 at 1–2.[4] Plaintiff brings this action against IDCC and three IDCC employees: Derek Upright, a peer specialist; Hann Lim, a social worker; and Javonnie Miller, "a licensed marriage and family therapist and supervisor at IDCC." *See id.* at 1.

Plaintiff alleges that Upright prepared confidential notes that "included false and misleading information" without his consent, and that "the notes were viewable by IDCC staff," which violates his HIPAA rights. *Id.* at 2. He further alleges that Upright's notes "contributed to social, legal, and financial issues" and "caused significant emotional distress" for him. *Id.*

As to Lim, Plaintiff alleges that he "mishandled" his case and "shared sensitive information with other IDCC staff members" without his consent. *Id.* He asserts that Lim's actions caused "delays in receiving necessary support and documentation" that "endanger[ed] [his] mental and physical health," including "a self-harm episode and suicidal ideation." *Id.* at 3.

As to Miller, Plaintiff alleges that she supervised Lim and Upright, "condoned their behavior," and "conspired with them to withhold necessary documentation and manipulate

---

[2]  The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

[3]  IDCC is a New York State not-for-profit corporation engaging in providing behavioral health services. *See* https://perma.cc/37DH-ZCYX (last visited June 2, 2026).

[4]  The Court refers to page numbers in the Complaint in lieu of paragraph numbers because Plaintiff does not use consecutive paragraph numbering throughout the document.

Patient outcomes." *Id.* Plaintiff asserts that he "experienced significant emotional distress and deterioration of mental health under Miller's supervision." *Id.*

Plaintiff seeks damages and injunctive relief, including: (1) the termination or resignation of Upright, Lim, and Miller, and the revocation of their licenses or certifications; (2) a written copy of IDCC's "notes about Plaintiff"; and (3) an order directing "all related agencies" and "the appropriate governmental agencies" deem "the notes as fabrications." *Id.* at 3–4.

## <u>LEGAL STANDARD</u>

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must construe the submissions of a *pro se* litigant liberally and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In addition to requiring sufficient facts to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding

of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

Moreover, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff brings this action pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331. *See* ECF No. 1 at 2. Plaintiff asserts claims and seeks injunctive relief under the ADA, HIPAA, and RICO. *See id.* at 3. As set forth below, Plaintiff does not plausibly state a claim under any of these federal laws.

### I.     ADA Claim

The Complaint states that "Defendants' actions constitute discrimination against Plaintiff on the basis of mental disability in violation of the Americans with Disabilities Act," *see id.*, but fails to assert any facts suggesting under which provision of the ADA he seeks to raise a claim. "The ADA is divided into five separate titles: Title I, Employment; Title II, Public Services; Title III, Public Accommodations; Title IV, Telecommunications; and Title V, Miscellaneous Provisions." *Woods v. Centro of Oneida, Inc.*, 103 F.4th 933, 938 (2d Cir. 2024). The two relevant sections in this case are Title II and Title III. Here, as discussed in detail below, the Complaint fails to state a claim under either of the two relevant sections.

#### A. Title II of the ADA

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity."  42 U.S.C. § 12132.  To state a claim under Title II of the ADA, a plaintiff must plead that:

> (1) he is a qualified individual with a disability; (2) [the defendant] is a public entity subject to the acts; and (3) he was denied the opportunity to participate in or benefit from [the defendant's] services, programs, or activities, or [the defendant] otherwise discriminated against him because of his disability.

*Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).  By statute, a "public entity" is defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority."  42 U.S.C. § 12131(1).

Here, even assuming that Plaintiff is a qualified individual with a disability for the purpose of this Order, he does not plausibly allege that he was denied access to, or meaningful participation in, IDCC's services due to his alleged disability.  In fact, his claims demonstrate that he received services from IDCC and its employees.  *See* ECF No. 1 at 1 (alleging services rendered by Upright and Lim in connection with appointments at IDCC).  Moreover, IDCC is a private healthcare facility, not a public entity subject to suit under Title II because it does not fall under any of the public entity categories listed in 42 U.S.C. § 12131(1).  *See Green v. City of New York*, 465 F.3d 65, 78–80 (2d Cir. 2006) (affirming dismissal of claims against a private hospital under Title II of the ADA).  Similarly, Upright, Lim, and Miller, as employees of IDCC, are not public entities.  *See id.* at 76 (holding that Title II of the ADA does not apply to private individuals).  Accordingly, Plaintiff has failed to state a claim under Title II of the ADA.

### B.  Title III of the ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns,

5

leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Healthcare facilities are considered "public accommodations" for the purposes of the ADA.

42 U.S.C. § 12181(7)(F) (defining "public accommodation" to include "a . . . professional office

of a health care provider [and] hospital").

Discrimination based on disability in public accommodations involves, among other

things, "a failure to take such steps as may be necessary to ensure that no individual with a

disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services." *Camarillo v. Carrols Corp.*,

518 F.3d 153, 156 (2d Cir. 2008) (citing 42 U.S.C. § 12182(b)(2)(A)(iii)); *see also Krist v.*

*Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012). The Complaint does not allege facts

plausibly suggesting that Defendants' actions constituted discrimination under Title III of the

ADA or resulted in the discriminatory provision of services to Plaintiff. Although the Complaint

alleges that: (1) Upright prepared confidential notes that included false and misleading

information; (2) Lim shared Plaintiff's sensitive information with other IDCC staff members

without consent, which caused delays for him to receive necessary support and documentation;

and (3) Miller condoned Upright and Lim's conduct and conspired with them to withhold

necessary documentation and manipulate Plaintiff's patient outcomes, it does not allege that

Defendants took these actions for the purpose of discriminating against Plaintiff because of his

mental disability. *See Cain v. Mercy Coll.*, No. 20-cv-2262, 2021 WL 796333, at \*3 (S.D.N.Y.

Feb. 25, 2021), *aff'd*, No. 21-824, 2022 WL 779311 (2d Cir. Mar. 15, 2022) ("Under Title III of

the ADA, a plaintiff must allege that she was discriminated against or excluded from programs

because of a disability."). Thus, Plaintiff has failed to state a claim under Title III of the ADA.

Taken together, even when construing the Complaint "to raise the strongest arguments that [it] suggest[s]," *Triestman*, 470 F.3d at 474, Plaintiff has failed to state a plausible claim under Title II or Title III of the ADA.  Therefore, the Court dismisses Plaintiff's ADA claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    HIPAA Claim

Plaintiff asserts that Defendants violated HIPAA by preparing and disseminating unauthorized notes regarding his mental health condition.  *See* ECF No. 1 at 3.  The Second Circuit has explained, however, that HIPAA does not authorize an individual to bring a claim based on such an allegation:

> HIPAA prohibits the disclosure of medical records without a patient's consent.  *See* 42 U.S.C. §§ 1320d-1 to 1320d-7.  But the statute does not expressly create a private cause of action for individuals to enforce this prohibition.  Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services.  *Id.* § 1320d-5(a)(1).  Nor does the statute imply a private cause of action.  *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).  By delegating enforcement authority to the Secretary of the Department of Health and Human Services, the statute clearly reflects that Congress did not intend for HIPAA to create a private remedy.

*Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).  In short, because there is no private right of action enabling an individual to bring suit under HIPAA, the Court dismisses Plaintiff's HIPAA claim for failure to state a claim for which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Drews v. Greater Mental Health of New York*, No. 24-cv-6699, 2024 WL 4858998, at *2 (S.D.N.Y. Nov. 15, 2024) (dismissing the HIPAA claim because "there is no private right of action enabling an individual to bring suit under HIPAA"); *Morales v. New York Univ.*, No. 22-cv-6452, 2023 WL 1785546, at *3 (E.D.N.Y. Feb. 6, 2023) ("HIPAA confers no private cause of action, express or implied.").

### III.     RICO Claim

Plaintiff also asserts a RICO claim concluding that "Defendants conspired to engage in fraudulent activities through the creation of false records."  ECF No. 1 at 3.  However, Plaintiff does not specify a particular RICO provision, and, for the reasons discussed below, he fails to state a valid RICO claim.

RICO creates a cause of action for any person "injured in his business or property by reason of a violation of [S]ection 1962" of that statute.  18 U.S.C. § 1964(c).  To state a civil RICO claim, a plaintiff must plead:  (1) a violation of Section 1962; (2) an "injury to the plaintiff's business or property"; and (3) "causation of the injury by the defendant's violation." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006).  Specifically, Section 1962 prohibits:  (1) investing income derived from a "pattern of racketeering activity" into an enterprise that affects interstate or foreign commerce; (2) using a "pattern of racketeering activity" to acquire interest in or control of an enterprise; (3) using a "pattern of racketeering activity" to conduct or participate in the activities of an enterprise; and (4) conspiring to perform any of the aforementioned activities.  18 U.S.C. § 1962.  At bottom, all RICO claims require a showing that each defendant was engaged in a "pattern of racketeering activity."  *See Cruz v. FXDirectDealer, LLC,* 720 F.3d 115, 120 (2d Cir. 2013).  A "pattern of racketeering activity" requires "at least two acts of racketeering activity . . . within ten years after . . . the commission of a prior act of racketeering activity."  18 U.S.C. § 1961(5); *see also City of New York v. LaserShip, Inc.*, 33 F. Supp. 3d 303, 310 (S.D.N.Y. 2014).  "Racketeering activity" is an act or threat involving one of the serious crimes listed in the statute.  *See* 18 U.S.C. § 1961(1).  The so-called predicate acts include murder, kidnapping, bribery, extortion, mail fraud, obstruction of

8

justice or law enforcement, among other enumerated crimes.  *See* 18 U.S.C. § 1961(1)(A) and (B).

Here, Plaintiff has not alleged that Defendants committed any of the necessary predicate acts.  Without any fact to suggest that any Defendant was involved in racketeering activity, let alone a pattern of such activity, the Complaint has not plausibly alleged a violation of Section 1962.  Accordingly, Plaintiff fails to state a plausible RICO claim, and the Court dismisses it.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see Fisher v. Scheinkman,* No. 21-cv-7784, 2021 WL 5401656, at *4 (S.D.N.Y. Nov. 16, 2021) (dismissing RICO claim because plaintiff failed to allege specific facts suggesting that defendants committed, or conspired to commit, racketeering activity that injured him).

## IV.   Leave to Amend

Although "[a] court should freely give leave when justice so requires, [] it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90–91 (2d Cir. 2023) (affirming denial of leave to amend).  When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Of course, an opportunity to amend is not required where, as here, "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it."  *Id.*  Thus, where "granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

Here, Plaintiff does not seek leave to amend.  In any event, the Court denies leave to amend because it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile); *see also Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request [to amend] that was not made.").

First, Plaintiff fails to state a legally cognizable claim under the ADA.  As discussed above, Defendants are not public entities subject to Title II of the ADA, *see Green*, 465 F.3d at 78–80, and further pleading will not change their status.  Also, Plaintiff cannot allege a viable claim under Title III of the ADA, because there is no indication that Defendants discriminated against Plaintiff based on mental disability when they prepared notes about him and shared his information with other IDCC staff members.  *See Baker v. New York State*, 128 F. App'x 185, 186 (2d Cir. 2005) (affirming the denial of *pro se* plaintiff's leave to amend ADA claim because there is no indication that defendants' alleged acts were based on plaintiff's disability).  Rather, since IDCC is a healthcare facility that provided Plaintiff with mental health services, *see* ECF No. 1 at 1–2, the alleged actions are within the scope of their normal practice.

Second, the Court denies leave to amend Plaintiff's HIPAA claim because there is no private right of action under HIPAA.  *See Meadows*, 963 F.3d at 244.

Third, amendment of the RICO claim would also be futile because Plaintiff did not assert that Defendants engaged in any acts of racketeering or other acts enumerated as unlawful under the statute.  *See Commer v. Am. Fed'n of State, Cnty., Mun. Emps.*, 96 F. App'x 757, 758 (2d Cir. 2004) (affirming the denial of *pro se* plaintiff's leave to amend RICO claim because he did not allege that the defendant engaged in any acts of racketeering under the statute).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at the address provided, note the mailing on the docket, enter judgment consistent with this Order, and close this case.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
June 2, 2026

11